FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 26 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES**

**Plaintiff**

v.

**IVEY GRANT**

**Defendant**

Case No. 1:09-CR-482

Judge Thomas W. Thrash, Jr.

---

### MOTION FOR SENTENCE REDUCTION
### PURSUANT TO U.S.C. 3582(c)(2)
### (AMENDMENT 794)

**NOW COMES**, Ivey Grant, Pro-Se and moves this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2) for a sentencing reduction based on the United States Sentencing Guidelines Commission's ("Commission") Amendment 794, which became effective on November 15, 2015, well after Grant's sentencing. In support of his Motion, Grant states the following:

**PROCEDURAL HISTORY:**

Ivey Grant was indicted on December 8, 2009 in the Northern District of Georgia, Atlanta Division, in indictment 1:09-CR-00482, Docket Entry 35. He was charged with one count of conspiring to knowingly possess with intent to distribute at least 5 kilograms of cocaine and at least 100 kilograms of marijuana. He entered a plea of not guilty. A trial was held on August 22, 2011 through August 25, 2011. The jury found him not guilty of the cocaine

1

conspiracy and guilty of the marijuana conspiracy. He was sentenced by Judge Thrash on November 21, 2011 to 108 months. On November 4, 2015, Grant received a two-point reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 § 994(u). His sentence of imprisonment of 108 months was reduced to 97 months.

Grant contends that he was not given a guideline reduction as a minor participant in his offense even though he was less culpable than others in his case as stated during the trial. At the time of his sentencing, there were different methods of assessing whether a defendant was "substantially less culpable than the average participant." Since then, the Commission has amended the guidelines so that there is some kind of conformity among the circuits and district courts.

## STANDARD OF REVIEW:

As a pro-se litigant and petitioner, exercising independent litigation, it is known and accepted that they are held to a "...less stringent standard..." See **Haines v. Kerner**, 404 US 519, 520-21, 30 L.ED.2d 652, 92 S.Ct. 594 (1972). The Eleventh Circuit adopting **Kerner's** findings, states that this is a "well settled law that federal courts liberally construe briefs filed by pro-se litigants to avoid waiver." **United States v. Davis**, 2015 U.S. App. Lexis 18993 (5th Cir. 2015) citing **United States v. Gonzalez**, 592 F.3d 675, 680 n.3 (5th Cir. 2009). See also **Payton v. United States**, 550 Fed.Appx. 194 (5th Cir. 2013). A defendant who brings a pro-se claim is entitled to a liberal reading of that complaint.

*Futhermore, when addressing a pro-se litigant and petitioner, should the reviewing court require further development or support material, it has also been accepted that a "... pro-se litigant must be given leave to amend his or her...[claim]... unless it is absolutely clear that the deficiencies of the [claim]... could not be cured by amendment..." See* **Noll v. Carlson**, *809 F.2d 1446, 1448 (9th Cir. 1987).*

*"A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c)(1)(B). One circumstance in which modification is permitted is specified in 18 U.S.C. § 3582(c)(2), which grants 'a district court...discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentence based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).'" See* **United States v. Jackson**, *613 F.3d 1305, 1308 (11th Cir. 2010) citing* **United States v. Bravo**, *203 F.3d 778, 780 (11th Cor. 2000). The district court can reduce a sentence on its own motion and without a hearing. See 18 U.S.C. § 3582(c)(2); Fed.R.Crim. 43(b)(4).*

**ARGUMENT:**

*Grant seeks relief under 18 U.S.C. § 3582(c)(2) claiming that a sentence reduction is warranted under Amendment 794 which became effective on November 15, 2015, well after his sentencing. In general, Amendment 794 provided courts "additional guidance" for the determination of whether a defendant should be granted a mitigating role reduction under § 3B1.2. U.S.S.G. Appx. C. Amend 794; See also* **United States v. Casas**, *632 Fed.Appx. 1003, 1004 (11th Cir. 2015) (holding that Amendment 794 is a*

*clarifying amendment).*

*Prior to Amendment 794, there was a split among the circuits. Different circuits had different methods of assessing whether a defendant was "substantially less culpable than the average participant." See U.S.S.G. App. C. Amend. 794. Since then, Amendment 794 generally adopted the approach of those circuits stating when a district court conducts an assessment of whether a defendant should receive a role deduction, "the defendant is to be compared with other participants" in the same crime, not with a hypothetical average participant. U.S.S.G. App. C. Amend. 794. The Commission explained that [f]ocusing the court's attention on the individual defendant and the other participants is more consistent with the other provision of Chapter Three, Part B."Id.*

*The language of the Amendment indicates that the Commission intended it to be a clarifying amendment as stated above. The Amendment changed lanuage that "may have had the unintended effect of discouraging courts from applying the mitigating role adjustment in otherwise appropriate circumstances." Id. Newly amended : 3B1.2 now states that "a defendant who does not have a* **proprietary interest** *in the criminal activity and who is simply being paid to perform certain tasks should be considered" for the reduction, and "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." Id.*

*In the case of Grant, the government and his attorney both acknowledged that his involvement was minimum although his role may have been essential or indispensable in the criminal activity. "In determining whether a minor-role adjustment appied, the district court should consider: (1) the defendant's role*

4

in the relevant conduct; and (2) his role as compared to those of other participants. The fact that a defendant's role is less than those of other participants may not be dispositive because it is possible that none of them are minor participants. See *United States v. Casas*, 632 Fed.App'x 1003, 1004 (11th Cir. 2015).

The Commission added the following language to the Application Notes for § 3b1.2:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the activity;
>
> (iii) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed, the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity, U.S.S.G. App. C. Amend. 794. Although this Court applied the version of the Guidelines in effect on the date of sentencing when reviewing the district court's application of the Guidelines, we consider clarifying amendments retroactively on appeal regardless of the date of sentencing. See *United States v. Jerchower*, 631 F.3d 1181 (11th Cir. 2011).

In this particular case, Grant was not a courier delivering drugs to someone else for distribution. He did not hide a large quantity of drugs in the trucks that were parked on his property. He did not have possession of the cocaine or marijuana that his co-defendants were charged with. He was never entrusted with any drugs and he did not exercise any decision making authority over the drugs. Lastly, Grant did not stand to gain much from the drug

5

transactions. Given Grant's lack of knowledge of the scope and structure of the scheme and his level of responsibility, he should be given the two-level reduction.

It is noted that a potential sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. See *Dillon v. United States*, 130 S.Ct. 2683, 2694, 177 L.Ed. 2d 271 (2010). "The applicable *policy statement* here directs that, when determining the applicable guideline range, 'the court shall substitute only the [pertinent] amendments listed... for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline applications decisions uneffected.'" U.S.S.G. § 1B1.10(b)(1) (Supp. Mar. 3, 2008), See also *Jackson*, 613 F.3d at 1310.

*SENTENCING REDUCTION ELIGIBILITY & RECOMMENDATION:*

Grant's offense conduct initially placed him at a base offense level of 32. After receiving a two-point deduction as previously discussed above, his base offense was reduced to 30. Based on the Court most recent calculations, his anticipated sentence reduction should reflect a base offense level of 28 with a guideline range of 78-97.

*CONCLUSION:*

Grant is requesting this Honorable Court to reduce his sentence to the low end of his newly established guideline range which would have absolutely nothing to do with any downward variances he recieved during his initial sentencing hearing. Furthermore, there are no prohibitions as denoted within

the Amendment 784 or any criteria as set forth within 18 U.S.C. § 3582(c)(2) or section 1b1.10 that would prevent the Court from considering such a reduction.

**WHEREFORE**, Grant, Ivey respectfully requests that this Court reduce or modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794 and for any other relief deemed proper in this matter.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

DATED: 9/21/16

*Ivey Grant*
Ivey Grant, 61551-019
Atlanta Federal Prison Camp
P.O. Box 150160
Atlanta, Georgia 30315

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794 was deposited in the prison mail system at the Federal Prison Camp in Atlanta, Georgia in the manner prescribed for legal mail pursuant to 28 U.S.C. § 1746, including prepayment of first class postage, addressed to:

United States Attorney Office
Northern District of Georgia
Richard B. Russel Federal Building
United States Courthouse
75 Spring Street
Atlanta, Georgia 30303

DATED: 9/21/16

*Ivey Grant*
Ivey Grant, 61551-019

7

Ivey Grant, 61551-019
Atlanta Federal Prison Camp
P.O. Box 150160
Atlanta, Georgia 30315







Clerk of Court
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building
75 Spring Street
Atlanta, Georgia 30303