IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 11 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

Plaintiff,

v.

IVEY GRANT

Defendant.

Case No. 1:09-CR-482

Judge Thomas W. Thrash, Jr.

## MOTION TO TAKE JUDICIAL NOTICE

**NOW COMES.** Ivey Grant, Pro-Se and requests permission to file Motion to take Judicial Notice pursuant to Rule 28(J) of the Federal Rules of Appellate Procedure. Grant states the following:

Since the date Grant has filed his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the U.S. Sentencing Guidelines Commission's ("Commission") Amendment 794, there has been a lot of action. Although Amendment 794 was not explicitly made retroactive by the Sentencing Commission by being listed in USSG § 1B1.10(c), the Eleventh Circuit and other Circuits recognize retroactivity of clarifying amendments.

Post-sentencing amendments that clarify, but do not substantively change a Guideline are universally applied retroactive without the necessity of being listed. See the following list of cases; **United States v. Cruickshank**, 837 F.3d 1182, 1194 (11th Cir. 2016), **United States v. DeVaron**, 175 F.3d 930 (11th Cir. 1999),

1

*There are several other circuits that support the conclusion that Amendment 794 is a clarifying amendment and thus retroactive applicable. See the following list of cases;* **United States v. Sanchez***, 81 F.3d 9, 12 (1st Cir. 1996),* **United States v. Brooke***, 732 F.3d 148, 149 (2nd Cir. 2013),* **United States v. Sabbeth***, 277 F.3d 94, 96 (2nd Cir. 2002),* **United States v. Sanchez-Villareal***, (No. 15-41303) (5th Cir. May 23, 2017),* **United States v. Huff***, 370 F.3d 454, 465-67 (5th Cir. 2004),* **United States v. Monus***, 356 F.3d 714, 718 (6th Cir. 2004),* **United States v. Quintero-Leyva***, 823 F.3d 519, 522 (9th Cir. 2016).*

*The above cases also support the notion that the retroactivity of clarifying amendments should also apply to collateral proceedings, a rule that has been firmly entrenched in many federal circuit courts of appeal. This is especially true in light of the unanimity of circuits courts that have ruled on the issue and the government's concession that the amendment is clarifying. "Clarifications of the [sentencing] guidelines have retroactive application while substantive changes do not." See* **United States v. Monus***, 356 F.3d at 718.*

**WHEREFORE,** *Grant respectfully requests permission to file his Motion to take Judicial Notice pursuant to Rule 28(J) of the Federal Rules of Appellate Procedure.*

Dated: 8/8/17

*[signature]*
*Ivey Grant, 61551-019*
*Atlanta Federal Prison Camp*
*P.O. Box 150160*
*Atlanta, Georgia 30315*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

Plaintiff,

Case No. 1:09-CR-482

Judge Thomas W. Thrash, Jr.

v.

IVEY GRANT

Defendant.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion to Take Judicial Notice pursuant to Rule 28(J) of the Federal Rules of Appellate Procedure was deposited in the prison mail system at the Federal Prison Camp in Atlanta, Georgia in the manner prescribed for legal mail pursuant to 28 U.S.C. § 1746, including prepayment of first class postage, addressed to:

United States Attorney Office
Northern of Georgia
Richard B. Russel Federal Building
United States Courthouse
75 Spring Street
Atlanta, Georgia 30303

DATED: 8/8/17

Ivey Grant, 61551-019
Atlanta Federal Prison Camp
P.O. Box 150160
Atlanta, Georgia 30315

Ivey Grant, 61551-019
Atlanta Federal Prison Camp
P.O. Box 150160
Atlanta, Georgia 30315

ATLANTA METRO 300

09 AUG 2017 PM 9 L



Clerk of the District Court
Nothern District of Georgia
Richard B. Russell Federal Building
75 Spring Street, Room 2211
Atlanta, Georgia 30303

30303-331861